UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANTIAGO CANALES,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>ELY STATE PRISON, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:24-CV-00020-ART-CSD<br><br>ORDER |

Plaintiff Santiago Canales brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison (ESP). (ECF No. 8). On November 1, 2024, this Court ordered Canales to file a signed complaint no later than November 21, 2024. (ECF No. 14).[1] The Court warned Canales that the action would be dismissed if he failed to file a complaint signed in compliance with Federal Rule of Civil Procedure 11, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." (*Id.* at 1-2). That deadline expired and Canales did not file a signed complaint.

I.　**DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v.*

---

[1] This November 1, 2024, order (ECF No.14) was sent to Plaintiff at both ESP and High Desert State Prison (HDSP), pursuant to the Court's September 21, 2024, order (ECF No. 12). That order recognized that the Nevada Department of Corrections had changed the custody levels of these two prisons necessitating the transfer of 2,000 inmates between the two facilities. (*Id.*). The order gave pro se litigants sixty (60) days to file written change of address with the Court, and essentially ordered the Clerk of the Court to send filings in cases to both addresses until the litigant filed written notice of change of address. (*Id.*). Plaintiff filed written notice of his change of address to HDSP on November 21, 2024. (ECF No. 16). Thus, even though the November 1, 2024, order, sent to Plaintiff at ESP was returned as undeliverable, Plaintiff was also sent the order at HDSP where he was housed. (ECF No. 15).

1

*King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Canales's complaint. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.,* like the "initial granting of leave to amend coupled

with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Canales files a complaint that is signed in accordance with Federal Rule of Civil Procedure 11, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Canales needs additional time or evidence that he did not receive the Court's order. Setting a second deadline is not a meaningful alternative given these circumstances. As such, the fifth factor favors dismissal.

## II.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Canales's failure to file a complaint that is signed in accordance with Federal Rule of Civil Procedure 11 and in response to this Court's November 1, 2024, order. Any other outstanding motions are denied as moot. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Canales wishes to pursue his claims, he must file a complaint in a new case.

Dated this 23rd day of December, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE